# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3304

_____

United States of America,          *
                                   *
                   Appellee,       *    Appeal from the United States
                                   *    District Court for the Western
          v.                       *    District of Missouri.
                                   *
Suzanne Hufft,                     *          [UNPUBLISHED]
                                   *
                   Appellant.      *

_____

Submitted:  March 27, 2001

Filed:  April 6, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Suzanne Hufft pleaded guilty to conspiracy to manufacture and distribute methamphetamine. At sentencing, Hufft sought a departure below her Sentencing Guidelines range based on her medical condition, and the Government made a downward departure motion in exchange for Hufft's substantial assistance. After considering both grounds for departure, testimony by Hufft's physician, and Hufft's request for immediate release, the district court* departed from the Sentencing

_____

*The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Guidelines range of 120 to 135 months, and sentenced Hufft to 70 months in prison. Hufft appeals asserting the district court should have sentenced her to time served or to home detention. According to Hufft, evidence about the severity of her physical disabilities and the inability, or unwillingness, of the Bureau of Prisons to secure competent surgeons willing to undertake the complex surgeries she requires was so clear and convincing that the district court abused its discretion. Because Hufft is subject to a statutorily required minimum sentence of ten years, her argument is foreclosed by our decision in United States v. Rabins, 63 F.3d 721 (8th Cir. 1995). In Rabins, we held that although a district court may depart below a statutory minimum for a defendant's substantial assistance under 18 U.S.C. § 3553(f), the court lacks authority to depart below the statutory minimum based on a defendant's physical condition. See 63 F.3d at 727 & n.10. Further, once a district court departs based on substantial assistance, the court may not then depart further based on physical condition. See id. We thus affirm Hufft's sentence.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-